UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-10285-WGY |
| | ) | |
| ROBERT GADIMIAN, | ) | |
| a/k/a "Robert Ghadimian" | ) | |
| Defendant. | ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**YOUNG, D.J.**

WHEREAS, on September 28, 2016, the a federal grand jury sitting in the District of

Massachusetts returned a seven-count Indictment, charging the defendant Robert Gadimian, a/k/a

"Robert Ghadimian" ("Defendant"), with Securities Fraud, in violation of 15 U.S.C. §§ 78j(b) and

78(ff) (Counts One through Seven);

WHEREAS, the Indictment included a forfeiture allegation, pursuant to 18 U.S.C.

§ 981(a)(1)(C), and 28 U.S.C. § 2461(c), which provided notice that the United States intended

to seek forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in

Counts One through Seven of the Indictment, of any property, real or personal, that constitutes,

or is derived from, proceeds traceable to the commission of such offenses, and such property

included without limitation:

      a.  all funds on deposit up to $1,101,00 in Scottrade Financial Services, Inc.
          account number ending in 7849 in the name Robert Ghadimian;

WHEREAS, the Indictment further provided that, if any of the above-described

forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located

upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a

third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially

diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on November 2, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Seven of the Indictment, pursuant to a written plea agreement that he signed same day;

WHEREAS, in Section 9 of the plea agreement, the Defendant agreed to forfeit to the United States $1,161,000 in United States currency on the grounds that such amount constitutes the total amount of the Defendant's realized and unrealized illicit profits/gains from the offenses of conviction;

WHEREAS, on the Defendant's admissions in the written plea agreement and his guilty plea on November 2, 2017, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $1,161,000 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, the amount of $1,161,000 in United States currency constitutes proceeds that the Defendant directly obtained as a result of violations of 15 U.S.C. §§ 78j(b) and 78(ff); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.    The Defendant, shall forfeit to the United States the sum of $1,161,000 in

United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2.      This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.      The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to include substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.      The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.      Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

WILLIAM G. YOUNG
United States District Judge

Dated: January 31, 2018